FILED
United States Court of Appeals
Tenth Circuit

May 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROCHELLE Y. HARE,

      Plaintiff - Appellant,

v.

PATRICK R. DONAHOE, Postmaster
General, United States Postal Service,

      Defendant - Appellee.

No. 14-5138
(D.C. No. 4:13-CV-00508-JED-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

_____

Rochelle Y. Hare, pro se, appeals the district court's dismissal of her suit

alleging several discrimination claims against her former employer, the United States

Postal Service (Postal Service). We have jurisdiction under 28 U.S.C. § 1291.

We affirm.

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Hare, who is African-American, worked for many years as a mail processing clerk at a facility in Tulsa, Oklahoma. During her tenure, she was disciplined and/or counseled for various infractions, including chronic tardiness, being absent from her assigned work area while on the clock and failure to follow protocol for requesting leave. Her employment was terminated in January 2011.

In 2013, Ms. Hare filed suit against the Postal Service, Patrick R. Donahoe (the Postmaster General) and several of her former supervisors. The government moved to dismiss. It contended first that the only proper defendant was Mr. Donahoe. Second, it argued that the Postal Service was not subject to suit under the Americans with Disabilities Act (ADA), and to the extent that the complaint sought relief under the National Labor Relations Act (NLRA), the court lacked jurisdiction over such claims. Last, it argued that the complaint failed to state cognizable claims for relief against Mr. Donahoe under either Title VII or the Rehabilitation Act. The district court granted the government's motion.

Ms. Hare concedes that Mr. Donahoe is the only proper defendant. She also fails to explain any legal error in the district court's order concerning the ADA and the NLRA claims. Ms. Hare, however, disagrees with the court's conclusion that her complaint fails to state claims under Title VII or the Rehabilitation Act.[1]

---

[1]     The district court did not read Ms. Hare's complaint to state a claim for age discrimination and her opening brief contains nothing more than a handful of

(continued)

**STANDARD OF REVIEW**

"We review a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citation omitted). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of facts, taken as true, to state a claim that is plausible on its face." *Id*. (internal quotation marks omitted). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then [Ms. Hare has] not nudged [her] claims across the line from conceivable to plausible." *Id*. at 1191 (internal quotation marks omitted). "[I]n examining a complaint under Rule 12(b)(6), we . . . disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

"While the 12(b)(6) standard does not require that [Ms. Hare] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [she] has set forth a plausible claim." *Id*. at 1192. As such, we examine the elements Ms. Hare must prove to establish claims under Title VII and the Rehabilitation Act.

---

statements that she is over age forty. These "[s]cattered statements . . . are not enough to preserve [the] issue for appeal." *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1133 n.4 (10th Cir. 2004).

Because Ms. Hare is a pro se litigant, we liberally construe her complaint, as well as her appellate briefs. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But Ms. Hare must "follow the same rules of procedure that govern other litigants." *Id*.

## TITLE VII

Under Title VII it is unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

### Racial Discrimination

We liberally construe Ms. Hare's complaint to attempt to state a claim for racial discrimination. "A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp[oration] v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Khalik*, 671 F.3d at 1192.

Because Ms. Hare's complaint does not allege any direct evidence of discrimination, her claims are subject to the three-step burden-shifting framework of *McDonnell Douglas*. Step one requires Ms. Hare to prove a prima facie case of discrimination. *Id*. To do so, Ms. Hare "must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for

- 4 -

the position at issue, and (4) she was treated less favorably than others not in the protected class." *Id.*[2]

As the district court explained, and we agree, "[t]he bare allegations and conclusory statements in [Ms. Hare's] complaint do not raise any inference of racial . . . discrimination on the part of her supervisor or anyone at [the Postal Service]." R. at 129-30. Instead, "[Ms.] Hare's allegations seem to merely allege that she was disciplined for rule violations; not that she was discriminated against in any way." *Id*. at 130.

**Retaliation**

"Title VII . . . makes it unlawful for an employer to retaliate against an employee because she has opposed [an unlawful employment practice.]" *Khalik*, 671 F.3d at 1192 (internal quotation marks omitted). Ms. Hare can prove retaliation "by relying on the three-part McDonnell Douglas framework." *Id*. To establish a prima facie case, Ms. Hare "must show (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *See id*. at 1193 (brackets and internal quotation marks omitted).

---

[2]     It is not necessary to discuss steps two and three because Ms. Hare's claims fail at step one for the lack of any factual allegations related the actions of the Postal Service and her race.

Once again, we agree with the district court's conclusion that the allegations in Ms. Hare's complaint fail to "raise an inference of retaliation." R. at 130. There is not a single factual averment linking her termination or any disciplinary action taken against her to complaints she filed with the Equal Employment Opportunity Commission.

**Racially Hostile Work Environment**

We liberally construe Ms. Hare's complaint to attempt to state a claim for a racially hostile work environment. To prove such a claim, Ms. Hare "must show that under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." *Chavez v. New Mexico*, 397 F.3d 826, 831-32 (10th Cir. 2005) (internal quotation marks omitted). "A plaintiff cannot meet this burden by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs." *Id*. at 832 (internal quotation marks omitted). Instead, "there must be a steady barrage of opprobrious racial comments." *Id*.

Ms. Hare's complaint is devoid of any allegations of severe or pervasive harassment or any conduct that was racially motivated. What the complaint alleges is that a supervisor looked through the window of her car, a co-worker bumped his equipment into her work cart and an investigator asked her some questions. These alleged facts do not plausibly show that Ms. Hare was subjected to a racially hostile work environment.

**REHABILITATION ACT**

"The Rehabilitation Act prohibits recipients of federal funding, like [the Postal Service], from discriminating on the basis of disability.  29 U.S.C. § 794(a)."  *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1161 (10th Cir. 2014).  "One way a disabled plaintiff can establish a claim for discrimination in the workplace is by showing that she is qualified for her job; that she can perform the job's essential functions with a reasonable accommodation for her disability; and that her employer failed to provide a reasonable accommodation despite her request for one."  *Id.*

In her complaint, Ms. Hare alleges that her supervisor asked her about her asthma on two occasions, and that she "received a Letter of Warning for failure to follow proper leave requesting procedures physical disability (asthma)."  R. at 8.  Setting aside the fact that there is no evidence that her asthma was a disability, *see* 42 U.S.C. § 12102(1)(A), which defines a "disability" as a "physical or mental impairment that substantially limits one or more major life activities," these allegations fall short of pleading a plausible claim for relief.  We agree with the district court that "[t]he bare allegations and conclusory statements in [the] complaint do not raise any inference of . . . disability-based discrimination."  R. at 129.

The judgment of the district court is affirmed.

Entered for the Court


Mary Beck Briscoe
Chief Judge